JASON J. CURLIANO [SBN 167509]
CHRISTOPHER J. OHLSEN [SBN 236475]
BUTY & CURLIANO LLP
516 16th Street
Oakland, CA 94612
Tel:    510.267.3000
Fax:    510.267.0117
Email: jcurliano@butycurliano.com
         cohlsen@butycurliano.com

Attorneys for Defendant:
PERFORMANCE CONTRACTING GROUP, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SOTELO, on behalf of himself and all others similarly situated, | No. |
| Plaintiffs, | **DEFENDANT PERFORMANCE CONTRACTING GROUP, INC.'S NOTICE OF REMOVAL** |
| vs. | (San Francisco County Superior Court Case No. CGC-21-591427) |
| PERFORMANCE CONTRACTING GROUP, INC., a Delaware corporation, and Does 1 through 50, inclusive, | Complaint Filed: May 4, 2021 Complaint Served: May 19, 2021 |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA:

　　　　Defendant PERFORMANCE CONTRACTING GROUP, INC. files this Notice of Removal

under 28 U.S.C. §§ 1441, 1446 and Federal Rules of Civil Procedure, Rule 81(c).

### STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL

　　　　1. The action pending in the Superior Court of the State of California in and for the County

of San Francisco, entitled *Jorge Sotelo, on behalf of himself and others similarly situated vs.*

*Performance Contracting Group, Inc., et al.*, Docket No. CGC-21-591427 was commenced on

1  May 4, 2021.

2      2. The Class Action Complaint contains one cause of action for "Violation of 15 U.S.C. §§

3  1681b(b)(2)(A) (Fair Credit Reporting Act)."

4      3. Copies of the pleadings and other papers served on the removing defendant in the above-

5  described action are appended to this Notice of Removal as required by 28 U.S.C. § 1446. The

6  Complaint is attached as Exhibit A; the Summons is attached as Exhibit B; the Proof of Service of

7  Summons is attached as Exhibit C; and the Civil Case Cover Sheet is attached as Exhibit D.

8      4. As the appended record demonstrates, the action pending in the state court is a civil

9  action within the original federal question jurisdiction of the federal district courts under 15 U.S.C.

10  §§ 1681b(b)(2)(A).

11      5. Because the state court action is one within the federal question jurisdiction of the federal

12  district courts, the action is removable to federal court without regard to the citizenship of the

13  parties under 28 U.S.C. § 1441(a).

14      6.  Performance Contracting Group was served with the summons and complaint on May

15  19, 2021.

16      7. Removal to this district court is proper under 28 U.S.C. § 1441(a) because the San

17  Francisco Superior Court is geographically located within this court's district.

18      8. Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed

19  within 30 days of service of the summons and complaint on May 19, 2021. [28 U.S.C. § 1446(b);

20  *Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.* (1999) 526 U.S. 344, 347-348.]

21      9. Removal is proper under 28 U.S.C. § 1446(b) because Performance Contracting Group,

22  Inc. is the sole defendant, and no joint consent is necessary.

23  DATED:   June 17, 2021                    BUTY & CURLIANO LLP

24

25                                    By: /s/ Christopher J. Ohlsen
                                        JASON J. CURLIANO
26                                       CHRISTOPHER J. OHLSEN
                                        Attorneys for Defendant
27                                       PERFORMANCE CONTRACTING GROUP, INC.

28

Exhibit A

1   Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
2   David Keledjian (SBN 309135)
    david@setarehlaw.com
3   SETAREH LAW GROUP
    9665 Wilshire Blvd., Suite 430
4   Beverly Hills, California 90212
    Telephone (310) 888-7771
5   Facsimile (310) 888-0109

6   Attorneys for Plaintiff JORGE SOTELO

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN FRANCISCO

10                    UNLIMITED JURISDICTION

11  JORGE SOTELO, on behalf of himself and all         Case No.:   CGC -21-591427
    others similarly situated,
12                                                     **CLASS ACTION COMPLAINT FOR:**

13          *Plaintiff,*                                  1.  Violation of 15 U.S.C. §§
                                                             1681b(b)(2)(A) (Fair Credit Reporting
14          vs.                                              Act)

15  PERFORMANCE CONTRACTING GROUP,                     **JURY TRIAL DEMANDED**
    INC., a Delaware corporation ; and DOES 1
16  through 50, inclusive,

17          *Defendants.*

18

19

20

21

22

23

24

25

26

27                                                     BY FAX

28

                            CLASS ACTION COMPLAINT

1    Plaintiff JORGE SOTELO ("Plaintiff"), on behalf of himself, all others similarly situated, and
2    the general public, complain and allege as follows:

3    **INTRODUCTION**

4    1.    Plaintiff brings this class action against Defendants PERFORMANCE
5    CONTRACTING GROUP, INC., a Delaware corporation; and DOES 1 through 50, inclusive,
6    (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act
7    ("FCRA") and similar California laws.

8    2.    Plaintiff alleges that Defendants routinely acquire criminal, consumer, and
9    investigative consumer and/or consumer credit reports (referred to collectively as "background
10   reports") to conduct background checks on Plaintiff and other prospective, current and former
11   employees and use information from background reports in connection with their hiring process
12   without providing proper disclosures and obtaining proper authorization in compliance with the law.

13   3.    Plaintiff, individually and on behalf of all others similarly situated current, former and
14   prospective employees, seeks damages, including punitive damages, and penalties due to Defendants'
15   systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*).

16   **JURISDICTON AND VENUE**

17   4.    This Court has subject matter jurisdiction to hear this case because the monetary
18   damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction
19   of the Superior Court of the State of California.

20   5.    Venue is proper in the County of San Francisco pursuant to Code of Civil Procedure
21   sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions
22   that are the subject matter of this Complaint occurred therein and/or each defendant is found,
23   maintains offices, transacts business and/or has an agent therein.

24   6.    Venue is proper in San Francisco County because Defendants' have at all times
25   alleged herein, conducted business in San Francisco County, and throughout California. As such,
26   venue is proper in any county in California.

27   7.    Plaintiff is informed and believes, and thereupon alleges that the individual claims of
28   the classes defined below are under the $75,000 threshold for federal diversity jurisdiction and the

1    aggregate claim is under the $5,000,000 threshold for federal jurisdiction under the Class Action
2    Fairness Act of 2005.

3                                                      **PARTIES**

4          8.      Plaintiff JORGE SOTELO is, and at all relevant times mentioned herein, an individual
5    residing in the State of California.

6          9.      Plaintiff is informed and believes, and thereupon alleges that PERFORMANCE
7    CONTRACTING GROUP, INC, is, and at all relevant times mentioned herein, a Delaware
8    corporation doing business in the State of California.

9          10.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as
10   DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff
11   will amend this Complaint to allege the true names and capacities of the DOE defendants when
12   ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously
13   named defendants are responsible in some manner for the occurrences, acts and omissions alleged
14   herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of
15   them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE
16   defendants when ascertained.

17         11.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times
18   mentioned herein, some or all of the defendants were the representatives, agents, employees, partners,
19   directors, associates, joint venturers, joint employers, owners, principals or co-participants of some
20   or all of the other defendants, and in doing the things alleged herein, were acting within the course
21   and scope of such relationship and with the full knowledge, consent and ratification by such other
22   defendants.

23         12.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times
24   mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and
25   conspired with one another, and aided and abetted one another to accomplish the occurrences, acts
26   and omissions alleged herein.

27   ///
28   ///

## CLASS ALLEGATIONS

13.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

14.    Plaintiff seeks to represent a class defined as follows:

**FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action

15.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

16.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

17.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

    A.    Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 §§ 1681b(b)(2)(A);

    B.    Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates; and

    C.    Whether Defendants willfully failed to comply with the FCRA.

18.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the FCRA, ICRAA and/or the CCRAA, as alleged in this Complaint.

1    19.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in
2    that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class
3    members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly
4    and adequately represent and protect the interests of the other class members.

5    20.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that
6    they have no known conflicts of interest with Plaintiff or absent class members, are experienced in
7    wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf
8    of Plaintiff and absent class members.

9    21.    **Superiority:**  A class action is vastly superior to other available means for fair and
10   efficient adjudication of the class members' claims and would be beneficial to the parties and the
11   Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and
12   efficiently prosecute their common claims in a single forum without the unnecessary duplication of
13   effort and expense that numerous individual actions would entail.  In addition, the monetary amounts
14   due to many individual class members are likely to be relatively small and would thus make I difficult,
15   if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class
16   action will serve an important public interest by permitting class members to effectively pursue the
17   recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent
18   or contradictory judgments inherent in individual litigation.

19                    **GENERAL ALLEGATIONS**

20   22.    Plaintiff worked for Defendants during the relevant time period.  When Plaintiff
21   applied for employment, Defendants performed a background investigation on Plaintiff.  When
22   Plaintiff applied for employment with Defendant, Defendant provided him with a disclosure and
23   authorization form to perform background investigations.

24   23.    Defendant did not provide legally compliant disclosure and authorization forms to
25   Plaintiff and the putative class as they contained extraneous and superfluous language.  Additionally,
26   the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous"
27   and "clear and accurate," and thus violates Sections 1681b(b)(2)(A) and 1681d(a).

28   24.    The FCRA disclosure should be a standalone document and, if desired, a bare

1  authorization to obtain information, without being weighed down by irrelevant state law references,

2  contradictory rights summaries, and impermissible references to side documents containing

3  information not set forth in the attempted disclosure.

4       25.    Defendant's disclosure violated the FCRA.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

**(15 U.S.C. §§ 1681b(b)(2)(A))**

**(Plaintiff and FCRA Class Against All Defendants)**

9       26.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged

10  herein.

11      27.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

12      28.    Plaintiff and class members are "consumers" within the meaning of Section 1681a(c)

13  of the FCRA because they are "individuals."

14      29.    Section 1681a(d)(1) of the FCRA defines "consumer report" as:

> "The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

23      30.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> "The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

5

CLASS ACTION COMPLAINT

Accordingly, a credit and background report qualifies as an investigative consumer report.

31.    Section 1681b(b)(2)(A) of the FCRA provides:

> Conditions for furnishing and using consumer reports for employment purposes
> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–
>
> (i)    A *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> (ii)    The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added.)

32.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

33.    Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section 7001(c), the disclosures do not satisfy the written requirement.

34.    Plaintiff alleges, upon information and belief, that in evaluating their and other class members for employment, Defendants procured or caused to be procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section 1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

35.    The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents.

36.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. (15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).)  The inclusion of extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

37.    Although the disclosure and authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous

1 | information or be part of another document. For example, in response to an inquiry as to whether the

2 | disclosure may be set forth within an application for employment or whether it must be included in a

3 | separate document, the FTC stated:

4
5   "The disclosure may not be part of an employment application because the language
6   [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears
    conspicuously in a document not encumbered by any other information. The reason
    for requiring that the disclosure be in a stand-alone document is to prevent consumers
    from being distracted by other information side-by-side within the disclosure."

7
8   38.    The plain language of the statute also clearly indicates that the inclusion of a liability
9   release in a disclosure form violates the disclosure and authorization requirements of the FCRA,
10  because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly warned
11  that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion
12  letter, the FTC stated:

13      "[W]e note that your draft disclosure includes a waiver by the consumer of his or her
14      rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate
        section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of
        the disclosure that a consumer report may be obtained for employment purposes."

15  39.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C. section

16  1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a

17  consumer's waiver of his or her rights under the FCRA."

18  40.    By including extraneous and unlawful information, Defendants willfully disregarded

19  the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA. Additionally, the

20  inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and

21  "clear and accurate" and therefore violates sections 1681b(b)(2)(A) and 1681d(a).

22  41.    Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is

23  willful. Defendants acts in deliberate or reckless disregard of their obligations and the rights of

24  applicants and employees, including Plaintiff and class members. Defendants' willful conduct is

25  reflected by, among other things, the following facts:

26      A.    Defendants are a large corporation with access to legal advice;

27      B.    Defendants required a purported authorization to perform credit and
28            background checks in the process of employing the class members which,

1                               although defective, evidences Defendants' awareness of and willful failure to

2                               follow the governing laws concerning such authorizations;

                  C.       The plain language of the statute unambiguously indicates that inclusion of unlawful and extraneous information in a disclosure form violates the disclosure and authorization requirements; and

                  D.       The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the disclosure form.

42.      Based upon the facts likely to have evidentiary support after a reasonable opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing them of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

43.      Accordingly, Defendants willfully violated and continue to violate the FCRA, including but not limited to, sections 1681(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

44.      Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. section 1681n, including statutory penalties and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

45.      In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o, including statutory damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

1  public, prays for relief and judgment against Defendants as follows:

2         (1)    An order that the action be certified as a class action;

3         (2)    An order that Plaintiff be appointed class representative;

4         (3)    An order that counsel for Plaintiff be appointed class counsel;

5         (4)    Actual damages and statutory penalties

6         (5)    Restitution;

7         (6)    Declaratory relief;

8         (7)    Pre-judgment interest;

9         (8)    Costs of suit;

10        (9)    Reasonable attorneys' fees; and

11        (10)   Such other relief as the Court deems just and proper.

12                       **DEMAND FOR JURY TRIAL**

13        Plaintiff, on behalf of himself, the state of California, all other similarly situated, and the

14  general public, hereby demands a jury trial on all issues so triable.

15

16  Dated: April 30, 2021                SETAREH LAW GROUP

17

18

19

20                                       Shaun Setareh
                                         David Keledjian
21                                       Attorneys for Plaintiff
                                         JORGE SOTELO

22

23

24

25

26

27

28

Exhibit  B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PERFORMANCE CONTRACTING GROUP, INC., a Delaware corporation ; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JORGE SOTELO, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Francisco Civic Center Courthouse 400 McAllister St., San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):* CGC -21 -591427 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Keledjian, Esq. of the Setareh Law Group, 9665 Wilshire Blvd., Suite 430, Beverly Hills, CA 90212 (310) 888-7771

| DATE: *(Fecha)* May 11, 2021 | CLERK OF THE COURT | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**BY FAX**

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
| --- | --- | --- |

Exhibit C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Shaun setareh (SBN 204514) David Keledjian (SBN 309135)<br>Setareh Law Group<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>   TELEPHONE NO.: 310-888-7771          FAX NO. *(Optional):* 310-888-0109<br>E–MAIL ADDRESS *(Optional):*<br>   ATTORNEY FOR *(Name):* Plaintiff: JORGE SOTELO | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>   STREET ADDRESS: 400 McAllister St<br>   MAILING ADDRESS:<br>   CITY AND ZIP CODE: San Francisco, CA 94102<br>   BRANCH NAME: Civic Center Courthouse | |

| PLAINTIFF/PETITIONER: JORGE SOTELO | CASE NUMBER:<br>CGC-21-591427 |
|---|---|
| DEFENDANT/RESPONDENT: PERFORMANCE CONTRACTING GROUP INC. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✓ summons
   b. ✓ complaint
   c. ✓ Alternative Dispute Resolution (ADR) package
   d. ✓ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✓ other *(specify documents):* NOTICE to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      PERFORMANCE CONTRACTING GROUP. INC., a Delaware corporation

   b. ✓ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Jessie Gastelum, Authorized To Accept Service Of Process

4. Address where the party was served:
   C.T. Corporation Systems, 818 W. 7th Street, #930. Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. ✓ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 05/19/2021          (2) at *(time):* 11:15am
   b. ☐ **by substituted service.** On *(date):*              at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]   **PROOF OF SERVICE OF SUMMONS**   Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: JORGE SOTELO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PERFORMANCE CONTRACTING GROUP INC. | CGC-21-591427 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on *(date):*                              (2) from *(city):*

     (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

     (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

       ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  PERFORMANCE CONTRACTING GROUP. INC., a Delaware corporation
     under the following Code of Civil Procedure section:

       ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
       ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
       ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
       ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
       ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                      ☐ other:

7.  **Person who served papers**
  a. Name: George Todd
  b. Address: 645 W. 9th Street, #110-302, Los Angeles, CA 90015
  c. Telephone number: 213-308-1759
  d. **The fee** for service was: $ 25.00
  e. I am:

     (1) ☐ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☑ a registered California process server:
        (i) ☐ owner ☐ employee ☑ independent contractor.
        (ii) Registration No.: 2016159739
        (iii) County: Los Angeles

8. ☑ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I **am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 05/19/2021

George Todd
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

Exhibit  D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

David Keledjian (SBN 309135)
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212

TELEPHONE NO.: (310) 888-7771      FAX NO. *(Optional):* (310) 888-0109
ATTORNEY FOR *(Name):* JORGE SOTELO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
SOTELO v. PERFORMANCE CONTRACTING GROUP, INC., et al.

**F I L E D**
Superior Court of California
County of San Francisco

MAY 04 2021

CLERK OF THE COURT
BY: _____
BOWMAN LIU Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC -21 -591427 |

JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties      d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence      f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 3, 2021

David Keledjian, Esq.
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition